OSCN Found Document:STATE ex rel. OKLAHOMA BAR ASSOCIATION v. TRIPP

 

 
 

 
 STATE ex rel. OKLAHOMA BAR ASSOCIATION v. TRIPP
2019 OK 56
Case Number: SCBD-6815
Decided: 09/10/2019
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2019 OK 56, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

STATE OF OKLAHOMA ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,
v.
DOUGLAS STEPHEN TRIPP, Respondent.
Â¶0 ORDER APPROVING RESIGNATION PENDING DISCIPLINARY PROCEEDINGS
Â¶1 Complainant, Oklahoma Bar Association (Bar Association), has applied pursuant to Rule 8.1 of the Rules Governing Disciplinary Proceedings, (RGDP), 5 O.S.2011 Ch. 1, App. 1-A (as amended by order of the Supreme Court, 2017 OK 1, eff. January 9, 2017) for an order approving the resignation of the respondent, Douglas Stephen Tripp, pending disciplinary proceedings. The Bar's application and the respondent's affidavit of resignation reveal the following.
Â¶2 On June 26, 2019, the respondent filed with this Court his executed affidavit of resignation from membership in the Bar Association pending disciplinary proceedings.
Â¶3 The respondent's affidavit of resignation reflects that: (a) it was freely and voluntarily rendered; (b) he was not subject to coercion or duress; and (c) he was fully aware of the consequences of submitting the resignation.
Â¶4 The affidavit of resignation states respondent's awareness of an investigation by the Bar Association, regarding the following allegations in the disciplinary Complaint which suffice as a basis for discipline:

(a) The Unauthorized Practice of Law: The allegations are that from October 2006 until approximately November 2018, respondent established a continuous presence in this jurisdiction for the practice of law and that he engaged in the unauthorized practice of law during the applicable time period by representing clients on issues pertaining to Oklahoma law. Furthermore, the Complaint alleged that respondent held himself out to the public, the legal community, his law firm and the firm's clients as an attorney licensed to practice in Oklahoma.
(b) Engaged in Conduct Involving Dishonesty, Deceit, and Misrepresentations: The allegations are that respondent knew that he did not possess a license to practice law in Oklahoma when he accepted employment with the law firm in 2006. It is alleged that he continuously, systematically, and knowingly represented to his law firm and his legal clients from 2006 through 2018 that he was licensed to practice law in Oklahoma and that said representations were dishonest, deceitful, and misrepresented his licensure status.

Â¶5 The resignation states the respondent is aware the allegations against him, if proven, would constitute violations of Rules 5.5 (b)(1), 5.5 (b)(2), and 8.4 (c) of the Oklahoma Rules of Professional Conduct (ORPC), 5 O.S. 2011, ch. 1, app. 3-A, and Rule 1.3 RGDP, and his oath as an attorney.
Â¶6 The respondent states he is aware the burden of proof regarding the allegations against him rests upon the Oklahoma Bar Association, and he waives any and all rights to contest the allegations.
Â¶7 The respondent states his awareness of the requirements of Rule 9.1, of the Rules Governing Disciplinary Proceedings, and he states he shall comply with that Rule within twenty (20) days following the date of his resignation.
Â¶ 8 The respondent states his intent that his resignation be effective from the date and time of its execution and that he will conduct his affairs accordingly. The Bar Association requests the Court make the resignation effective retroactive to the date of its execution by respondent. We note the resignation was executed by respondent, on June 21, 2019, and filed in this Court three business days later, on June 26, 2019. See State ex rel. Oklahoma Bar Ass'n v. Claborn, 2019 OK 14, Â¶ 10 (the Court may determine an effective date for the resignation to be the date it was submitted to the Bar Association when the resignation is contemporaneously filed with this Court and the attorney is treating the date of submission as an effective date for all of the attorney's professional obligations. The two days between March 6th and March 8th was found to be sufficiently contemporaneous.) With regard to respondent's execution of his resignation, the three business days between June 21st and June 26th is sufficiently contemporaneous for treating the resignation as effective from the date of execution on June 21, 2019. We determine the effective date of resignation to be June 21, 2019.
Â¶9 The respondent states his awareness that a Rule 8.2 resignation pending disciplinary proceedings may be either approved or disapproved by the Oklahoma Supreme Court.
Â¶10 The respondent states he is aware he may make no application for reinstatement prior to the expiration of five years from the effective date of the order approving his resignation, and that reinstatement requires compliance with Rule 11 of the Rules Governing Disciplinary Proceedings. See 5 O.S.2011 Ch. 1, App. 1-A, Rule 8.2, Rules Governing Disciplinary Proceedings; State ex rel. Oklahoma Bar Association v. Bourland, 2001 OK 12, 19 P.3d 289; In re Reinstatement of Hird, 2001 OK 28, 21 P.3d 1043.
Â¶11 The respondent states he is aware the Client's Security Fund may receive claims from his former clients, and he shall pay to the Oklahoma Bar Association, prior to reinstatement, those funds, including principal and interest, expended by the Client's Security Fund for claims against him. See 5 O.S.2011 Ch. 1, App. 1-A, Rule 11.1(b), Rules Governing Disciplinary Proceedings; State ex rel. Oklahoma Bar Association v. Heinen, 2003 OK 36, Â¶ 9, 84 P.3d 708, 709.
Â¶12 The respondent states that he searched diligently and he could not locate his Oklahoma Bar Association membership card. If he locates his membership card, he agrees to immediately forward same to the Office of General Counsel of the Oklahoma Bar Association.
Â¶13 The respondent states that he has not held himself out as a member of the Oklahoma Bar Association or as a lawyer licensed to practice law in Oklahoma since November 8, 2018. Since that date, he states he has not established an office for the practice of law in Oklahoma or otherwise held himself out as an attorney licensed in Oklahoma, nor has he provided legal advice or otherwise counseled any party on issues or matters pertaining to Oklahoma law, and has informed all interested parties that he is not licensed in Oklahoma.
Â¶14 The application for approval of respondent's resignation filed by the Bar Association states that costs were incurred in the amount of $99.61 in the investigation of respondent.
Â¶15 The official roster name and address of the respondent is Douglas Stephen Tripp, O.B.A. No. 11552, 3020 Carriage Park Lane, Edmond, Oklahoma 73003.
Â¶16 IT IS THEREFORE ORDERED that the application by the Bar Association for an order approving Douglas Stephen Tripp's resignation be approved, and the resignation is deemed effective on the date of execution by respondent, June 21, 2019.
Â¶17 IT IS FURTHER ORDERED that respondent's name be stricken from the Roll of Attorneys and that he make no application for reinstatement to membership in the Oklahoma Bar Association prior to five years from the effective date of his resignation.
Â¶18 IT IS FURTHER ORDERED that costs are awarded in the amount of $99.61 to the Oklahoma Bar Association as requested in the Application to Assess Costs filed by the Oklahoma Bar Association.
Â¶19 IT IS FURTHER ORDERED that if any funds of the Client's Security Fund of the Oklahoma Bar Association are expended on behalf of respondent, he must show the amount paid and that the same has been repaid, with interest, to the Oklahoma Bar Association to reimburse such Fund prior to reinstatement.
Â¶20 DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THIS 9th DAY OF SEPTEMBER, 2019.
/S/CHIEF JUSTICE
Â¶21 GURICH, C.J., DARBY, V.C.J., KAUGER, WINCHESTER, EDMONDSON, COLBERT, COMBS, JJ, concur.